MR. JUSTICE MORRISON,
specially concurring:
I concur in the result but disagree with the rationale. Particularly, I take exception to this language:
“A declaratory judgment proceeding is primarily intended to determine the meaning of a law or a contract and to adjudicate the rights of the parties therein, but not to determine controversial issues of fact such as the existence or denial of a procedural due process;
The majority’s language is confusing at best. Hopefully no one will read this language and think that constitutional interpretation cannot be made in a declaratory judgment action. In fact, that is exactly how many important constitutional questions are answered. See Grossman v. State Department of Natural Resources (Mont. 1984), [209 Mont. 427,] 682 P.2d 1319, 41 St. Rep. 804; Committee for an Effective Judiciary v. State of Montana (Mont. 1984), [209 Mont. 105,] 679 P.2d 1223, 41 St. Rep. 581.
Likewise, we should not give the impression that declaratory judg *122 ment actions foreclose determining controversial issues of fact. Whether fact issues are controversial makes no difference. Some fact issues, such as intent, are resolved in declaratory judgment actions.
This language indicates we think the existence or denial of procedural due process is a fact question. Whether or not a particular ordinance, statute, or administrative regulation, affords procedural due process is a question of law, not a question of fact.
The courts have every right to review procedural due process and should do so here. The issue has not had an adequate hearing and has not been considered by a majority of our members. However, I believe that the procedural due process rights of plaintiff were afforded in this case and therefore I concur in the result.